SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kidane Michael, | ) | No. CV 06-2560-PHX-DGC (ECV) |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Joe M. Arpaio, | ) | |
| Defendant. | ) | |

Plaintiff Kidane Michael, who is confined in Durango Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 with an Application to Proceed *In Forma Pauperis*.  (Doc.# 1.)[1]  The Court will dismiss the Complaint with leave to amend.

**I.  Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  The Court will assess an initial partial filing fee of $5.02. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect the fees according to the statutory formula.

**II.  Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

---

[1]  "Doc.#" refers to the docket number of filings in this case.

JDDL-K

1   a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

2   § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised

3   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

4   be granted, or that seek monetary relief from a defendant who is immune from such relief.

5   28 U.S.C. § 1915A(b)(1), (2).  If the Court determines that a pleading could be cured by the

6   allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint

7   before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

8   (*en banc*).  The Court should not, however, advise the litigant how to cure the defects

9   because this type of advice "would undermine [the] district judges' role as impartial

10  decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131

11  n.13 (declining to decide whether court was required to inform litigant of deficiencies).

12  Plaintiff's Complaint will be dismissed for failure to state a claim *with* leave to amend

13  because it may possibly be amended to state a claim.

14  **III.  Complaint**

15      Plaintiff alleges three claims for relief regarding his conditions of confinement at the

16  Lower Buckeye and Durango Jails.  In Count I, he alleges that two or three inmates are being

17  housed in two-inmate cells.  In Count II, he alleges that the two meals a day are served

18  approximately eleven hours apart, which causes him headaches, stomachaches and

19  sleeplessness and makes other inmates irritable, leading to fights.  Plaintiff also alleges that

20  inmates are at high risk for food poisoning from the meals.  In Count III, Plaintiff alleges that

21  detention officers continually hand out mail to inmates without "proper identification," which

22  permits inmates to obtain mail intended for others.  Plaintiff also alleges that mail officers

23  read all incoming mail in violation of his right to privacy.  Plaintiff sues Maricopa County

24  Sheriff Joe M. Arpaio.  Plaintiff seeks compensatory relief.

25  **IV.  Failure to State a Claim**

26      To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the

27  conduct about which he complains was committed by a person acting under the color of state

28  law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v.

Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.  Failure to Connect Alleged Violations to Sheriff Arpaio

Although Sheriff Arpaio may properly be sued for constitutional violations, Plaintiff fails to state a claim against him.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001).  A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff has not alleged that Arpaio enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's civil rights.  Further, Plaintiff has not alleged that Arpaio directly violated his constitutional rights or that Arpaio was aware that Plaintiff's rights were being violated but failed to act.  Thus, Plaintiff fails to state any claim against Arpaio in his Complaint.

### B.  Failure to State a Claim for Unconstitutional Conditions

In Count I, Plaintiff alleges the Durango and Lower Buckeye Jails house two or three inmates in two-inmate cells.  In Count II, he alleges that the length of time between meals causes him physical discomfort, increases the inmate irritability and leads to fights, and puts inmates of high risk of food poisoning.  A pretrial detainee's claims for unconstitutional conditions of confinement arise from the Due Process Clause of the Fourteenth Amendment while a convicted inmate's claims for unconstitutional conditions arise from the Eighth Amendment prohibition against cruel and unusual punishment.  Bell v. Wolfish, 441 U.S. 520 (1979).  Nevertheless, the same standards are applied.  See Frost v. Agnos, 152 F.3d

1124, 1128 (9th Cir. 1998).  To state a claim regarding conditions of confinement, a plaintiff must allege that a jailor's acts or omissions have deprived him of "the minimal civilized measure of life's necessities" and that the jailor acted with deliberate indifference to an excessive risk to inmate health or safety.  <u>Allen v. Sakai</u>, 48 F.3d 1082, 1087 (9th Cir. 1994) (citing <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994); <u>see</u> <u>Estate of Ford v. Ramirez-Palmer</u>, 301 F.3d 1043, 1049-50 (9th Cir. 2002).  While allegations of overcrowding alone are insufficient to state a claim, <u>see</u> <u>Rhodes v. Chapman</u>, 452 U.S. 337, 348 (1981), when overcrowding causes an increase in violence or reduces the provision of other constitutionally required services, or reaches a level where the institution is no longer fit for human habitation, the inmate's right against cruel and unusual punishment may be violated, <u>see</u> <u>Balla v. Idaho State Bd. of Corr.</u>, 869 F.2d 461, 471 (9th Cir. 1989); <u>Toussaint v. Yockey</u>, 722 F.2d 1490, 1492 (9th Cir. 1984).

In Count I, Plaintiff only alleges overcrowding when three inmates are held in a two-inmate cell.  He does not allege any facts to support that such overcrowding results in an increase in violence, reduces the provision of other constitutionally required services or reaches level where the jails are no longer fit for habitation.  He therefore fails to state a claim.

In Count II, Plaintiff alleges that the time between the two meals provided each day causes him physical discomfort, increases inmate irritability and fights, and exposes inmates to the risk of food poisoning.  With respect to meals, "[t]he Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." <u>LeMaire v. Maas</u>, 12 F.3d 1444, 1456 (9th Cir. 1993); <u>see</u> <u>Frost</u>, 152 F.3d at 1128 (applying Eighth Amendment standard to a pretrial detainee's Fourteenth Amendment claims regarding his conditions of confinement).  "'The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation.'" <u>LeMaire</u>, 12 F.3d at 1456 (citations omitted).  An inmate may, however, state a claim where he alleges that he is served meals with insufficient calories for long periods of time.  <u>Id.</u>

1    Plaintiff's allegations that the length of time between meals leads to irritability and

2    fights among inmates is conclusory and unsupported by factual allegations.  In addition,

3    Plaintiff fails to set forth facts supporting deliberate indifference by jail officers or officials

4    to any increased risk of violence as a result of the period of time between meals.  Plaintiff

5    sets forth *no* facts to support any risk of food poisoning, much less a high risk.  Further, while

6    Plaintiff alleges that he has experienced headaches, stomachaches and sleeplessness due to

7    the length of time between the morning and evening meals, he does not allege the frequency

8    or severity of such symptoms or that the symptoms are sufficiently severe to seek

9    modification of the meal schedule for medical reasons.  For these reasons, Count II also fails

10   to state a claim.

11   **C.  Failure to State a Claim Regarding Mail**

12   In Count III, Plaintiff alleges that detention officers hand out mail without checking

13   identification, which enables inmates to obtain mail intended for others.  He also alleges that

14   mail officers read all incoming mail, which violates his right to privacy.

15   Prisoners have a First Amendment right to receive mail; however, that "right is subject

16   to 'substantial limitations and restrictions in order to allow prison officials to achieve

17   legitimate correctional goals and maintain institutional security.'"  Prison Legal News v.

18   Lehman, 397 F.3d 692, 699 (9th Cir. 2005).  Jail officials may open an inmate's non-legal

19   mail pursuant to a uniform and evenly applied policy for legitimate security objectives.

20   Lavado v. Keohane, 992 F.2d 601, 607 (6th Cir. 1993); Gaines v. Lane, 790 F.2d 1299, 1304

21   (7th Cir. 1986); Deutsch v. U.S. Dep't of Justice, 881 F. Supp. 49, 54 (D.D.C. 1995); Herrera

22   v. Scully, 815 F.Supp. 713, 723-24 (S.D.N.Y. 1993); see also Mann v. Adams, 846 F.2d 589,

23   590 (9th Cir. 1988) (prisoners have no right to be present when mail from public officials or

24   agencies, news media or civil rights groups is opened).  Plaintiff has not alleged facts to

25   support that non-legal mail is being inspected for any reason other than to achieve legitimate

26   correctional goals and to maintain security or that such policy is being inequitably applied.

27   Lehman, 397 F.3d at 699.  Plaintiff's allegations concerning the distribution of mail without

28   proper identification is vague and conclusory.  Further, Plaintiff does not allege that he has

been injured in any way by the alleged failure to check inmate identification in connection with distribution of mail.  Count III will also be dismissed.

## V.  Leave to Amend

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the Amended Complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Hal Roach Studios v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

## VI.  Warnings

### A.  Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal.

### B.  Address Changes

Plaintiff must file and serve a notice of a change of address 10 days before the move is effective, if practicable.  <u>See</u> LRCiv 83.3(d).  Plaintiff must not include a motion for other

relief with a notice of change of address.  Failure to comply may result in dismissal.

**C.  Copies**

Plaintiff must submit an additional copy of every document that he files for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.  Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**E.  Possible Dismissal**

Plaintiff is warned that failure to timely comply with every provision of this Order, including these warnings, may result in dismissal of this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis,* filed with the Complaint, is **granted**.

(2)  As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $5.02.

(3)  The Complaint (doc.# 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

1    (4)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court

2    must, without further notice, enter a judgment of dismissal of this action with prejudice that

3    states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

4    (5)  The Clerk of Court must mail Plaintiff the court-approved form for filing a civil

5    rights complaint by a prisoner.

6    DATED this 4th day of December, 2006.

7

8

9

10   _____
               David G. Campbell
           United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JDDL-K                                   - 8 -

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

### I. General Information About the Civil Rights Complaint Form:

A. <u>The Form</u>.  The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint.  You must identify which part of the complaint is being continued and number all pages.

B. <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C. <u>The Filing Fee</u>.  You must pay the $350.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D. <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court.  See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $350.00 filing fee or the application to proceed *in forma pauperis* to:

<u>Phoenix & Prescott Divisions</u>:  **OR**  <u>Tucson Division</u>:

U.S. District Court Clerk                      U.S. District Court Clerk
U.S. Courthouse, Suite 321                  U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10      405 West Congress Street
Phoenix, Arizona  85003-2119             Tucson, Arizona  85701-5010

E.  <u>Certificate of Service on Defendants</u>.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this __ day of___(month)___, (year) , to:
> Name:   _____
> Address:_____
>      Attorney for Defendant(s)/Respondent(s)
>
>
> _____
> (Signature)

F.  <u>Original and Judge's Copy</u>.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.   <u>Exhibits</u>.   You should not submit exhibits with the complaint.   Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  <u>Change of Address</u>.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  Completing the Civil Rights Complaint Form:

**HEADING:**

1.  Your Name.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

2.  Defendants.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Plaintiff.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three

3

counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5. Remember that you are limited to a total of fifteen additional pages.

    1. <u>Counts</u>. You must identify which civil right was violated. YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

    2. <u>Issue Involved</u>. Check the box that most closely identifies the issue involved in your claim. YOU MAY CHECK ONLY ONE BOX  PER COUNT. If you check the box marked "Other," you must identify the specific issue involved in the space provided.

    3. <u>Supporting Facts</u>. After you have identified which civil right was violated, you need to state the supporting facts. Be as specific as possible. You must state what each individual defendant did to violate your rights. If there is more than one defendant, you need to identify which defendant did what act. You also need to state the date(s) on which the act(s) occurred if possible.

    4. <u>Injury</u>. State precisely how you were injured by the alleged violation of your rights.

    5. <u>Administrative Remedies</u>. Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint. 42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action. Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint. If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
    Print the relief you are seeking in the space provided.

**SIGNATURE:**
    You must sign your name and print the date you signed the complaint. Your signature must be an original signature, not a photocopy.

<strong>FINAL NOTE</strong>

    You should follow these instructions carefully. Failure to do so may result in your complaint being stricken or dismissed by the court. All questions must be answered concisely in the proper space on the form. If needed, you may attach no more than fifteen additional pages. The form, however, must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____

Name and Prisoner/Booking Number

_____

Place of Confinement

_____

Mailing Address

_____

City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,    )
(Full Name of Plaintiff)      Plaintiff,    )
                                            )
                    vs.                     )    **CASE NO.** _____
                                            )        (To be supplied by the Clerk)
_____,    )
                                            )
_____,    )
                                            )    **CIVIL RIGHTS COMPLAINT**
_____,    )    **BY A PRISONER**
                                            )
_____,    )    ☐ Original Complaint
(Full Name of Each Defendant)  Defendant(s).    )    ☐ First Amended Complaint
                                            )    ☐ Second Amended Complaint
_____    )

## A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

    a.  ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

    b.  ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

    c.  ☐ Other:  (Please specify.) _____.

2.  Name of Plaintiff: _____.

    Present mailing address: _____.
    **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

**550/555**

3. Name of first Defendant: _____. The first Defendant is employed as:
   _____ at _____.
   <span style="text-align:center">(Position and Title)</span> <span>(Institution)</span>

   The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
   Explain how the first Defendant was acting under color of law: _____
   _____.

4. Name of second Defendant: _____. The second Defendant is employed as:
   _____ at _____.
   (Position and Title)                        (Institution)

   The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
   Explain how the second Defendant was acting under color of law: _____
   _____.

5. Name of third Defendant: _____. The third Defendant is employed as:
   _____ at _____.
   (Position and Title)                        (Institution)

   The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
   Explain how the third Defendant was acting under color of law: _____
   _____.

6. Name of fourth Defendant: _____. The fourth Defendant is employed as:
   _____ at _____.
   (Position and Title)                        (Institution)

   The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
   Explain how the fourth Defendant was acting under color of law: _____
   _____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B.  PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2. If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
   spaces provided below.

3. First prior lawsuit:
   a.   Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____ .

c.   Case or docket number: _____ .

d.   Claims raised: _____
_____
_____

e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____ .

f.   Approximate date lawsuit was filed: _____ .

g.   Approximate date of disposition: _____ .

4.   Second prior lawsuit:
a.   Parties to previous lawsuit:
Plaintiff: _____ .
Defendants: _____
_____ .

b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____ .

c.   Case or docket number: _____ .

d.   Claims raised: _____
_____
_____ .

e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____ .

f.   Approximate date lawsuit was filed: _____ .

g.   Approximate date of disposition: _____ .

5.   Third prior lawsuit:
a.   Parties to previous lawsuit:
Plaintiff: _____ .
Defendants: _____
_____ .

b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____ .

c.   Case or docket number: _____ .

d.   Claims raised: _____
_____
_____

e.   Disposition:  (For example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____
_____ .

f.   Approximate date lawsuit was filed: _____ .

g.   Approximate date of disposition: _____ .

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.    The following constitutional or other federal civil right has been violated by the Defendant(s):  _____
_____
_____ .

2.    Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
      in a different count)          ☐ Mail            ☐ Access to the court        ☐ Medical care
      ☐ Disciplinary proceedings     ☐ Property        ☐ Exercise of religion       ☐ Retaliation
      ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____ .

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____ .

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____ .

5.    **Administrative Remedies:**
      a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
            your institution?                                                          ☐ Yes   ☐ No
      b.    Did you submit a request for administrative relief on Count I?              ☐ Yes   ☐ No
      c.    Did you appeal your request for relief on Count I to the highest level?     ☐ Yes   ☐ No
      d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
            why you did not.  _____
            _____ .

4

## COUNT II

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____.

2.    Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
       in a different count)          ☐ Mail          ☐ Access to the court          ☐ Medical care
       ☐ Disciplinary proceedings     ☐ Property       ☐ Exercise of religion         ☐ Retaliation
       ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what each
       Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
       authority or arguments).

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____

_____

_____.

5.    **Administrative Remedies:**
       a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
              your institution?                                                                                ☐ Yes   ☐ No
       b.    Did you submit a request for administrative relief on Count II?                     ☐ Yes   ☐ No
       c.    Did you appeal your request for relief on Count II to the highest level?          ☐ Yes   ☐ No
       d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
              why you did not. _____

_____.

## COUNT III

1.  The following constitutional or other federal civil right has been violated by the Defendant(s): _____
    _____
    _____.

2.  Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
    in a different count)      ☐ Mail          ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what
    each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
    legal authority or arguments).
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
    _____
    _____
    _____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?                                                          ☐ Yes    ☐ No
    b.  Did you submit a request for administrative relief on Count III?            ☐ Yes    ☐ No
    c.  Did you appeal your request for relief on Count III to the highest level?   ☐ Yes    ☐ No
    d.  If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
        why you did not. _____
        _____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

6

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                             DATE                                                  SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.